1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| **DELIA AIKENS**, on behalf of herself and others similarly situated, ) | Case No. |
| ) | |
| ) | **CLASS ACTION COMPLAINT AND** |
| Plaintiff, ) | **JURY DEMAND** |
| ) | |
| vs. ) | |
| ) | |
| **PANATTE, LLC, LAND HOME** ) | |
| **FINANCIAL SERVICES, INC., AND** ) | |
| **MORTGAGE DEFAULT SERVICES,** ) | |
| **LLC,** ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

### Introduction

1.      Delia Aikens ("Plaintiff") brings this class action against Panatte, LLC ("Panatte"), Land Home Financial Services, Inc. ("LHFS"), and Mortgage Default Services, LLC ("MDS") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.      Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

3. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

4. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

5. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

6. In fact, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

7. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

8. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

9. And if, based upon the required disclosures, the consumer disputes the debt in writing within 30 days of receiving such a notice, the debt collector must then "cease collection of

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2016* at 16-17 (2016), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2016/.

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt and mails the consumer a copy of that verification. *Id.*, § 1692g(b).

10.    As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

11.    This case centers on Defendant's failure to properly provide the disclosures required by 15 U.S.C. § 1692g in their initial written communications to Washington and California consumers, or within five days thereafter, and for misleading those same consumers regarding the legal status of their alleged debts.

### Jurisdiction and Venue

12.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13.    Venue is proper before this Court under 28 U.S.C. § 1391(b), as some of the acts and transactions giving rise to this action occurred in this district, and because Panatte transacts business and is headquartered in this district.

### Parties

14.    Plaintiff is a natural person who at all relevant times resided in Riverside County, California.

15.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a home equity loan secured for personal, family, or household expenses (the "Debt").

17.    LHFS is a corporation with its principal office in Contra Costa County, California.

18.    LHFS is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19.    Upon information and belief, at the time LHFS attempted to collect the Debt from Plaintiff, the Debt was in default, or LHFS treated the Debt as if it were in default from the time that LHFS acquired it for collection.

20.    LHFS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.    LHFS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22.    MDS is a limited liability company with its principal office in Spokane County, Washington.

23.    MDS is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

24.    Upon information and belief, at the time MDS attempted to collect the Debt from Plaintiff, the Debt was in default, or MDS treated the Debt as if it were in default from the time that MDS acquired it for collection.

25.    MDS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

26.    MDS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.    Panatte is a limited liability company with its principal office in King County, Washington.

Class Action Complaint - 4

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

28.    Panatte purchases debts once owed or once due, or asserted to be once owed or due, a creditor.

29.    The principal purpose of Panatte's business is the collection of debts, whether through direct or indirect collection.

30.    Panatte was at all relevant times a direct and indirect participant in LHFS's and MDS's efforts to collect the Debt from Plaintiff in that after Panatte acquired the Debt, it utilized LHFS and MDS to collect the Debt from Plaintiff on its behalf.

31.    Panatte is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

32.    Panatte is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

33.    In connection with the collection of the Debt, LHFS sent Plaintiff a letter dated April 18, 2017.

34.    A true and correct copy of LHFS's April 18, 2017 letter to Plaintiff is attached as Exhibit A.

35.    LHFS's April 18, 2017 letter was its initial communication with Plaintiff with respect to the Debt.

36.    Plaintiff did not receive any other communications from LHFS within five days of the April 18, 2017 letter.

37.    The April 18, 2017 letter opens: "Congratulations! The servicing of your home loan has been transferred to Land Home Financial Services.  This letter serves as your official notification of the transfer which is effective 4/10/2017."  Ex. A.

Class Action Complaint - 5

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

38.     LHFS's April 18, 2017 letter went on to state: "**We understand that you maybe [*sic*] in arrears on your mortgage loan payments. We have many programs to assist you. Please contact the investor of your loan at (844) 736-7531 today.**" *Id*. (emphasis in original).

39.     The April 18, 2017 letter also stated: "This is an attempt to collect a debt. Any information obtained will be used for that purpose (FDCPA 15 U.S.C. §§ 1692 *et seq*). You are now communicating with a debt collector." *Id*.

40.     However, in its April 18, 2017 letter, LHFS failed to provide Plaintiff with certain initial disclosures required by 15 U.S.C. § 1692g(a).

41.     In particular, LHFS's April 18, 2017 letter did not provide Plaintiff: (i) a statement that unless she, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by LHFS (in violation of 15 U.S.C. § 1692g(a)(3)); (ii) a statement that if she notifies LHFS in writing within the thirty-day period that the Debt, or any portion thereof, is disputed, LHFS will obtain verification of the Debt or a copy of a judgment against her and a copy of such verification or judgment will be mailed to her by LHFS (in violation of 15 U.S.C. § 1692g(a)(4)); or (iii) a statement that, upon Plaintiff's written request within the thirty-day period, LHFS will provide her with the name and address of the original creditor, if different from the current creditor (in violation of 15 U.S.C. § 1692g(a)(5)).

42.     Separately, but also in connection with the collection of the Debt, MDS sent Plaintiff a letter dated May 3, 2017.

43.     A true and correct copy of MDS's May 3, 2017 letter to Plaintiff is attached as Exhibit B.

44.     MDS's May 3, 2017 letter was its initial communication with Plaintiff with respect to the Debt.

Class Action Complaint - 6

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

45.    Plaintiff did not receive any other communications from MDS within five days of the May 3, 2017 letter.

46.    MDS's May 3, 2017 letter opened with the following: "Your Loan with Panatte LLC is in default. . . . **PLEASE BE ADVISED THAT NO PARTIAL PAYMENTS WILL BE ACCEPTED. PAYMENT IN THE AMOUNT OF $61,662.44 MUST BE RECEIVED BY 6/2/17 TOGETHER WITH ANY ADDITIONAL PAYMENTS THAT BECOME DUE WITHIN THE DEMAND PERIOD (i.e. 5/20/17 payment $500.02).**" Ex. B (emphasis in original).

47.    The letter continued:

You are hereby notified that you have 30 days from receipt of this letter, to fully cure the default on your loan. The default may be cured by mailing payment to or on any business day during official business hours at: Land Home Financial Services, PO Box 25164, Santa Ana, CA 92799, (877) 557-9042, Contact: Joe La Bruna. ***However, only certified funds for the total amount due including any payments that become due during the demand period, will be accepted to cure the default***. You may verify the amount due to cure the default with Land Home Financial Services at the number above, or contact our office at the number at the bottom of page [*sic*].

Failure to cure the default within 30 days from receipt of this letter may result in acceleration of the sums secured by the mortgage or deed of trust, foreclosure proceedings and sale of the property. **Workout options are available and you are strongly encouraged to contact Panatte, LLC . . . or the loan servicer immediately at the number above or in writing to the address provided to discuss which option(s) you may qualify for.**

*Id*. (emphasis in original).

48.    MDS's May 3, 2017 letter also stated:

You may have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of default or any other defense you may have to acceleration and foreclosure. Unless you dispute the validity of the debt, or any portion thereof within thirty (30) days from the receipt of this letter, we will assume the debt is valid. If you notify the loan servicer in writing within (30) days of receipt of this notice that you dispute the debt or any portion thereof, the loan servicer will provide verification of the debt or a copy of a judgment against you and verification of such will be mailed to you.

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

*Id.*

49.     The May 3, 2017 letter then closed with the following warning:

If the default is not cured within 30 days from receipt of this letter, Panatte LLC., at its option, may require immediate payment in full of all sums secured by the mortgage or deed of trust without further demand and may foreclose the mortgage or deed of trust. In any foreclosure action, Panatte LLC may be entitled to collect all expenses of foreclosure, including, but not limited to, reasonable attorney fees, trustee's fees and cost of title searches.

*Id.*

50.     MDS's May 3, 2017 letter violates the FDCPA in multiple respects.

51.     First, it provides improper disclosures under 15 U.S.C. § 1692g(a).

52.     That is, the May 3, 2017 letter fails to include "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor," as required by 15 U.S.C. § 1692g(a)(5).

53.     The May 3, 2017 letter also violates 15 U.S.C. § 1692g(a)(4) by directing Plaintiff to submit any dispute of the Debt to a third party—"the loan servicer" (*i.e.*, LHFS), *see* Ex. B— rather than to MDS directly.

54.     Second, the remainder of MDS's May 3, 2017 letter violated 15 U.S.C. § 1692g(b) by improperly overshadowing, or being inconsistent with, those disclosures under 15 U.S.C. § 1692g(a) that MDS did purport to provide.

55.     That is, MDS's multiple demands for full payment of the Debt by June 2, 2017 or within 30 days of receipt of the letter to avoid "acceleration of the sums secured by the mortgage or deed of trust, foreclosure proceedings[,] [or] sale of the property," *see supra* ¶¶ 46-47, 49, were inconsistent with, and overshadowed, Plaintiff's statutory rights to seek verification of or dispute the Debt within that same 30-day period.

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

56.    Third, despite MDS's multiple demands for full payment from Plaintiff within 30 days, its May 3, 2017 letter fails to disclose that the Debt is no longer judicially enforceable.

57.    Per California law, the applicable statute of limitations on the Debt is only six years. *See* Cal. Civ. Code § 336a.

58.    What's more, under the same law, the statute of limitations will be revived if a partial payment is made on time-barred debt. *See id*.

59.    The May 3, 2017 letter indicates that the Debt has been in default since at least March 2007—over 10 years prior to the date of the letter. *See* Ex. B.

60.    MDS, or any other entity, thus is prohibited from filing a lawsuit to collect the Debt, as the applicable statute of limitations has expired.

61.    MDS failed to inform Plaintiff not only that the Debt is no longer judicially enforceable under California law, but also that the applicable statute of limitations will be revived if she makes any payment on the Debt. *See Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017) ("We agree with the district court's two reasons for finding that the dunning letter here was deceptive. First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to the recipient that the law prohibits the collector from suing to collect this old debt. Either is sufficient reason to affirm summary judgment for the plaintiff.").

62.    By seeking to collect the Debt without so advising Plaintiff of the consequences of her paying any portion of the Debt, MDS used a false representation or deceptive, unfair, or unconscionable means to collect, or attempt to collect, a debt, in violation of 15 U.S.C. §§ 1692e(10) and 1692f.

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

**Class Allegations**

63.    Plaintiff brings this action under Rule 23(b)(3) on behalf of herself and others similarly situated.

64.    Plaintiff seeks to represent six classes of individuals defined as:

**LHFS 1692g Class**

All persons (1) with a Washington or California address, (2) to whom Land Home Financial Services, Inc. sent an initial written communication, (3) within the year preceding this complaint, (4) in connection with the collection of a consumer debt, (5) that failed to include: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and/or (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and/or (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**MDS 1692g Class**

All persons (1) with a Washington or California address, (2) to whom Mortgage Default Services, LLC sent an initial written communication, (3) within the year preceding this complaint, (4) in connection with the collection of a consumer debt, (5) that demanded payment on the debt within 30 days of the date of the written communication, and/or (6) that failed to include: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and/or (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and/or (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

**Panatte 1692g Class**

All persons (1) with a Washington or California address, (2) to whom Panatte, LLC sent, or caused to be sent, an initial written communication, (3) within the year preceding this complaint, (4) in connection with the collection of a consumer debt, (5) that demanded payment on the debt within 30 days of the date of the written communication, and/or (6) that failed to include: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and/or (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and/or (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**LHFS 1692e Class**

All persons (1) with a Washington or California address, (2) to whom Land Home Financial Services, Inc. sent an initial written communication, (3) within the year preceding this complaint, (4) in connection with the collection of a consumer debt older than six years, (5) that did not disclose that: (i) the subject debt was no longer judicially enforceable, and/or (ii) payment on the subject debt would revive the statute of limitations to make the debt judicially enforceable once more.

**MDS 1692e Class**

All persons (1) with a Washington or California address, (2) to whom Mortgage Default Services, LLC sent an initial written communication, (3) within the year preceding this complaint, (4) in connection with the collection of a consumer debt older than six years, (5) that did not disclose that: (i) the subject debt was no longer judicially enforceable, (ii) payment on the subject debt would revive the statute of limitations to make the debt judicially enforceable once more, and/or (iii) Mortgage Default Services, LLC is a debt collector who is attempting to collect a debt, and that any information obtained would be used for that purpose.

**Panatte 1692e Class**

All persons (1) with a Washington or California address, (2) to whom Panatte, LLC sent, or caused to be sent, an initial written communication, (3) within the year preceding this complaint, (4) in connection with the collection of a consumer debt older than six years, (5) that did not disclose that: (i) the subject debt was no longer judicially enforceable, (ii) payment

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

on the subject debt would revive the statute of limitations to make the debt judicially enforceable once more, and/or (iii) Panatte, LLC is a debt collector who is attempting to collect a debt, and that any information obtained would be used for that purpose.

65. Excluded from the classes are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any defendant has or had controlling interests.

66. The proposed classes satisfy Rule 23(a)(1) because, upon information and belief, they are so numerous that joinder of all members is impracticable.

67. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

68. The proposed classes are ascertainable in that, upon information and belief, the names and addresses of all members of the proposed classes can be identified in business records maintained by Defendants.

69. The proposed classes satisfy Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the classes. To be sure, Plaintiff's claims and those of the members of the classes originate from the same standardized debt collection letters utilized by Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed classes.

70. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

71. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

72.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

73.    Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

74.    There will be no difficulty in the management of this action as a class action.

75.    Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the classes.

76.    Among the issues of law and fact common to the classes:

a.    Defendants' violations of the FDCPA as alleged herein;

b.    Defendants' failure to properly provide in their initial debt collection letters the disclosures required by 15 U.S.C. § 1692g;

c.    Defendants' failure to inform consumers in their initial debt collection letters that the subject debts are no longer judicially enforceable, and that payment on the debt would revive the statute of limitations;

d.    the existence of Defendants' identical conduct particular to the matters at issue;

e.    the availability of statutory penalties; and

f.    the availability of attorneys' fees and costs.

**Count I**
**Violation of 15 U.S.C. § 1692g(a)(3)**
**Against LHFS and Panatte**

77.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 76.

Class Action Complaint - 13

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

78.    The FDCPA at 15 U.S.C. § 1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\* \* \* \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

\* \* \* \*

79.    LHFS's April 18, 2017 communication was its initial communication to Plaintiff.

80.    The April 18, 2017 communication was sent in connection with an attempt to collect the Debt from Plaintiff.

81.    At the time LHFS acquired the Debt for collection, it was, upon information and belief, considered to be in default.

82.    The April 18, 2017 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), nor did LFHS or Panatte provide such disclosures within five days thereafter.

83.    Specifically, the April 18, 2017 communication failed to notify Plaintiff that unless she disputed the Debt within 30 days of receipt of the letter, LHFS and Panatte would assume the debt to be valid. *See* Ex. A.

84.    And Panatte, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of LHFS—the debt collector it retained to collect on its behalf. *See, e.g.*, *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994) (debt collection company could be held liable for the conduct of its attorney where both were considered debt collectors under the FDCPA); *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1076 (N.D. Cal. 2011) ("The rationale behind vicarious liability in this context is that if an entity is a debt collector and hence

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

subject to the FDCPA, it should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf.").

85.    As a result, LHFS and Panatte violated 15 U.S.C. § 1692g(a)(3).

86.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

87.    Likewise, LHFS and Panatte's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. In addition, LHFS and Panatte's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count II**
**Violation of 15 U.S.C. § 1692g(a)(4)**
**Against All Defendants**

88.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 76.

89.    The FDCPA at 15 U.S.C. § 1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

* * * *

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

* * * *

Class Action Complaint - 15

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

90.     LHFS's April 18, 2017 communication was its initial communication to Plaintiff, and likewise for MDS's May 3, 2017 communication to Plaintiff.

91.     The April 18, 2017 and May 3, 2017 communications were sent in connection with an attempt to collect the Debt from Plaintiff.

92.     At the time LHFS and MDS acquired the Debt for collection, it was, upon information and belief, considered to be in default.

93.     The April 18, 2017 and May 3, 2017 communications did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(4), nor did Defendants provide such disclosures within five days thereafter.

94.     Specifically, LHFS's April 18, 2017 communication failed to include any disclosure that if Plaintiff provided written notice that the Debt, or any portion thereof, is disputed, LHFS would obtain verification of the Debt or a copy of a judgment against Plaintiff, and a copy of such verification or judgment would be mailed to her by LHFS. *See* Ex. A

95.     MDS, by way of its May 3, 2017 communication, attempted to provide such disclosure but did so improperly.

96.     That is, MDS's May 3, 2017 communication states: "If you notify *the loan servicer* in writing within (30) days of receipt of this notice that you dispute the debt or any portion thereof, the *loan servicer* will provide verification of the debt or a copy of a judgment against you and verification of such will be mailed to you." Ex. B (emphasis added).

97.     But "the loan servicer" is LHFS, not MDS, and under the FDCPA, the consumer must direct his or her dispute of the debt to the instant debt collector (*i.e.*, MDS), not a third party (*i.e.*, LHFS).

98.     And Panatte, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of LHFS and MDS—the debt collectors it retained to collect on its behalf.

Class Action Complaint - 16

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

99.    As a result, Defendants violated 15 U.S.C. § 1692g(a)(4).

100.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letters at issue were sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

101.    Likewise, Defendants' actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. In addition, Defendants' actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

### Count III
### Violation of 15 U.S.C. § 1692g(a)(5)
### Against All Defendants

102.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 76.

103.    The FDCPA at 15 U.S.C. § 1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

* * * *

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

104.    LHFS's April 18, 2017 communication was its initial communication to Plaintiff, and likewise for MDS's May 3, 2017 communication to Plaintiff.

105.    The April 18, 2017 and May 3, 2017 communications were sent in connection with an attempt to collect the Debt from Plaintiff.

Class Action Complaint - 17

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

106.    At the time LHFS and MDS acquired the Debt for collection, it was, upon information and belief, considered to be in default.

107.    The April 18, 2017 and May 3, 2017 communications did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(5), nor did Defendants provide such disclosures within five days thereafter.

108.    Specifically, the April 18, 2017 and May 3, 2017 communications failed to notify Plaintiff that upon her written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. *See* Exs. A, B.

109.    And Panatte, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of LHFS and MDS—the debt collectors it retained to collect on its behalf.

110.    As a result, Defendants violated 15 U.S.C. § 1692g(a)(5).

111.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letters at issue were sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

112.    Likewise, Defendants' actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. In addition, Defendants' actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count IV**
**Violation of 15 U.S.C. § 1692g(b)**
**Against MDS and Panatte**

113.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 76.

Class Action Complaint - 18

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

114.    The FDCPA at 15 U.S.C. § 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion, of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

115.    MDS's May 3, 2017 communication was its initial communication to Plaintiff.

116.    The May 3, 2017 communication was sent in connection with an attempt to collect the Debt from Plaintiff.

117.    At the time MDS acquired the Debt for collection, it was, upon information and belief, considered to be in default.

118.    The manner in which MDS conveyed, or attempted to convey, the validation notice required by 15 U.S.C. § 1692g was ineffective and overshadowed and contradicted the statutory notice.

119.    Specifically, MDS's multiple demands for full payment of the Debt by June 2, 2017 or, within 30 days of receipt of the letter, to avoid "acceleration of the sums secured by the mortgage or deed of trust, foreclosure proceedings[,] [or] sale of the property," *see supra* ¶¶ 46-47, 49, were inconsistent with, and overshadowed, Plaintiff's statutory rights to seek verification of or dispute the Debt within that same 30-day period.

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

120.     These statements conveyed to the least-sophisticated consumer that the only way to avoid a lawsuit was to make full payment within 30 days, when, in reality, the consumer could dispute all or a portion of the debt during that 30-day validation window.

121.     The effect of the May 3, 2017 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights afforded under 15 U.S.C. § 1692g.

122.     In addition, MDS's May 3, 2017 communication overshadowed and rendered ineffective the disclosures required by 15 U.S.C. § 1692g.

123.     The language that MDS included in its May 3, 2017 communication to Plaintiff contradicts statutorily-mandated disclosures that MDS was required to provide to Plaintiff.

124.     In the alternative, MDS, through its communication, failed to explain an apparent, though not actual contradiction that its letter creates regarding statutorily-mandated disclosures that MDS was required to provide to Plaintiff.

125.     MDS designed its May 3, 2017 letter to Plaintiff to evade the spirit of the FDCPA, and to lead Plaintiff to disregard her statutory rights under the FDCPA.

126.     And Panatte, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MDS—the debt collector it retained to collect on its behalf.

127.     As a result, MDS and Panatte violated 15 U.S.C. § 1692g(b).

128.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

129.     Likewise, MDS and Panatte's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

afforded them by federal law. In addition, MDS and Panatte's actions invaded a specific private

right created by Congress, and the invasion of said right creates the risk of real harm.

**Count V**
**Violation of 15 U.S.C. § 1692e(2)(A)**
**Against All Defendants**

130.    Plaintiff repeats and re-alleges each and every factual allegation contained in

paragraphs 1 through 76.

131.    The FDCPA at 15 U.S.C. § 1692e(2)(A) provides:

A debt collector may not use any false, deceptive, or misleading representation or
means in connection with the collection of any debt. Without limiting the general
application of the foregoing, the following conduct is a violation of this section:

* * * *

(2) The false representation of—

(A) the character, amount, or legal status of any debt;

* * * *

132.    In their April 18, 2017 and May 3, 2017 communications, LHFS and MDS,

respectively, failed to inform Plaintiff that the Debt was time-barred under California law, and that

any partial payment on the Debt would revive the applicable statute of limitations. *See* Exs. A, B.

133.    And Panatte, by virtue of its status as a "debt collector" under the FDCPA, is liable

for the conduct of LHFS and MDS—the debt collectors it retained to collect on its behalf.

134.    Defendants thusly violated 15 U.S.C. § 1692e(2)(A) by falsely representing the

character and legal status of the Debt in their respective communications to Plaintiff. *See Pantoja*,

852 F.3d at 684 ("We agree with the district court's two reasons for finding that the dunning letter

here was deceptive. First, the letter does not even hint, let alone make clear to the recipient, that if

he makes a partial payment or even just a promise to make a partial payment, he risks loss of the

otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

the recipient that the law prohibits the collector from suing to collect this old debt. Either is sufficient reason to affirm summary judgment for the plaintiff.").

135.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letters at issue were sent to her personally, regarded her personal alleged debt, and falsely represented the character or legal status of the Debt.

136.    Likewise, Defendants' actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers. In addition, Defendants' actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count VI**
**Violation of 15 U.S.C. § 1692e(10)**
**Against All Defendants**

137.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 76.

138.    The FDCPA at 15 U.S.C. § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

139.    "[A] letter may confuse even though it is not internally contradictory. Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

140.    "[I]f the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

the letter actually threatens litigation (the requirement the Third and Eighth Circuits added to the mix), the collector has violated the FDCPA." *Id*.

141.    Here, LHFS and MDS violated § 1692e(10) by using false, deceptive, or misleading representations, as their April 18, 2017 and May 3, 2017 letters demanded payment, threatened litigation, and would otherwise mislead an unsophisticated consumer into believing that the Debt was legally enforceable, when it was not. *See Pantoja*, 852 F.3d at 684.

142.    And Panatte, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of LHFS and MDS—the debt collectors it retained to collect on its behalf.

143.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letters at issue were sent to her personally, regarded her personal alleged debt, and used false, deceptive, and misleading means to attempt to collect the Debt.

144.    Likewise, Defendants' actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers. In addition, Defendants' actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count VII**
**Violation of 15 U.S.C. § 1692e(11)**
**Against MDS and Panatte**

145.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 76.

146.    The FDCPA at 15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * * *

(10) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

147.    MDS's May 3, 2017 communication was its initial communication to Plaintiff.

148.    The May 3, 2017 communication was sent in connection with an attempt to collect the Debt from Plaintiff.

149.    At the time MDS acquired the Debt for collection, it was, upon information and belief, considered to be in default.

150.    By failing to disclose in its May 3, 2017 letter that MDS is a debt collector who was attempting to collect a debt, and that any information obtained would be used for that purpose, MDS violated 15 U.S.C. § 1692e(11). *See Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1106 (W.D. Wash. 2012).

151.    And Panatte, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MDS—the debt collector it retained to collect on its behalf.

152.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and used false, deceptive, and misleading means to attempt to collect the Debt.

153.    Likewise, MDS and Panatte's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers. In addition, MDS and Panatte's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Trial by Jury**

154.    Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

Class Action Complaint - 24

a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b) Certifying Plaintiff as the class representative;

c) Appointing Plaintiff's counsel as class counsel;

d) Adjudging that Defendants violated 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), 1692g(b), 1692e(2)(A), 1692e(10), and 1692e(11);

e) Awarding Plaintiff and members of the proposed classes statutory damages;

f) Awarding members of the proposed classes actual damages, as necessary;

g) Awarding Plaintiff and members of the proposed classes reasonable attorneys' fees, costs, and expenses incurred in this action;

h) Awarding Plaintiff and members of the proposed classes any pre-judgment and post-judgment interest as may be allowed under the law;

i) Awarding other and further relief as this Court may deem just and proper.


Respectfully submitted,

s/ Matthew J. Cunanan
Matthew J. Cunanan, WSBA#42530
Drew Davis, WSBA#47297
Christopher Wieting, WSBA#48207
Milena Vill, WSBA#51231
DC LAW GROUP NW LLC
221 1st Ave W #320
Seattle, WA 98119
Telephone: (206) 494-0400
Facsimile: (855) 494-0400
matthew@dclglawyers.com

s/ Jesse S. Johnson
Jesse S. Johnson (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500

Boca Raton, Florida 33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
jjohnson@gdrlawfirm.com