**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **DELIA AIKENS**, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**PANATTE, LLC, LAND HOME FINANCIAL SERVICES, INC., AND MORTGAGE DEFAULT SERVICES, LLC,**<br><br>Defendants | Case No. 2:17-cv-01519-RSL<br><br>Class Action<br><br>PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH MORTGAGE DEFAULT SERVICES, LLC<br><br>NOTE ON MOTION CALENDAR:<br>April 6, 2018 |

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

## Introduction

In this action against three debt collectors for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), one of the defendants—Mortgage Default Services, LLC ("MDS" or "Defendant")—has reached an agreement with Delia Aikens ("Plaintiff") to settle her claims on a class-wide basis on behalf of 62 individuals located in Washington and California to whom it sent materially similar initial debt collection letters alleged to have violated the FDCPA for lack of requisite disclosures. MDS's co-defendants, Land Home Financial Services, Inc. ("LHFS") and Panatte, LLC ("Panatte"), are not a party to this agreement. Panatte has settled separately with Plaintiff, and LHFS moved to dismiss Plaintiff's claims. ECF No. 26. That motion is still pending.

In any event, while MDS denies any liability under the statute, it has reached a class-wide resolution with Plaintiff to avoid the risks and expense of further litigation. Following informal discovery to determine the size of the proposed class and the potential damages available to class members, Plaintiff and MDS have entered into a class settlement agreement whereby MDS will (i) create a non-reversionary class settlement fund totaling $3,600, which will provide individual recoveries of approximately $58 per class member, and (ii) separately pay $1,000 in statutory damages to Plaintiff. These recoveries are significant given the limit on statutory damages allowed under the FDCPA, which are capped by law at one percent of MDS's net worth. *See* 15 U.S.C. § 1692k(A)(2)(B).

As well, MDS separately will pay the costs of notice and administration of the class settlement, up to $2,610, plus an award of attorneys' fees and expenses to Plaintiff's counsel, subject to court approval. The parties have selected a class administrator with significant experience handling class action settlements like the one presented here, and that administrator has

Plaintiff's Motion for Preliminary Approval of Class  
Action Settlement with Mortgage Default Services, LLC,  
Case No. 2:17-cv-01519-RSL

1

DC Law Group  
221 1st Ave W #320  
Seattle, WA 98119  
(206) 494-0400

worked with the parties to devise a notice and administration plan that best serves class members within the framework of the budget set by the parties' agreement.

Plaintiff now seeks certification of the settlement class and preliminary approval of the parties' class-wide settlement. Plaintiff and her counsel strongly believe that this settlement is fair, reasonable, and adequate, and in the best interests of class members. As more fully set forth below and in the accompanying Declaration of Jesse S. Johnson, Plaintiff respectfully requests that this Court enter the accompanying order granting preliminary approval of the settlement. Notably, MDS does not oppose this relief.

## Summary of the Class Settlement

A copy of the class action settlement agreement is attached to the accompanying Declaration of Jesse S. Johnson and defines a settlement class under Rule 23(b)(3) as follows:

> All persons (1) with a Washington or California address, (2) to whom Mortgage Default Services, LLC sent an initial written communication, (3) between October 10, 2016 and October 10, 2017, (4) in connection with the collection of a consumer debt, (5) that did not disclose that Mortgage Default Services, LLC is a debt collector who is attempting to collect a debt and that any information obtained would be used for that purpose, and/or (6) that demanded payment on the debt within 30 days of the date of the written communication, and/or (7) that failed to include: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and/or (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and/or (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

MDS has confirmed that there are 62 class members in total, including Plaintiff.

Class members who do not exclude themselves will receive a pro-rata portion of a $3,600 non-reversionary settlement fund, amounting to approximately $58 each. Significantly, class

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

2

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

members need not submit a claim form or any other documentation to participate. And to the extent any settlement checks go uncashed after the class administrator takes all reasonable steps to forward checks to any forwarding addresses, the residual funds will be directed to Northwest Justice Project as a *cy pres* recipient. None of the funds will revert to MDS.

Separately, MDS also will pay Plaintiff $1,000 in statutory damages, the costs of notice and settlement administration up to $2,610,[1] and, subject to court approval, an award of attorneys' fees, costs, and expenses to Plaintiff's counsel in the amount of $13,500. The parties negotiated this proposed fee and expense award after agreeing upon all other settlement terms, and it will be the subject of a separate motion filed at the close of this litigation.

Significantly, to inform class members of the excellent benefits resulting from this settlement, the parties' agreement provides for a robust notice program to send direct mail notice to each class member. The names and recent addresses of those class members will be provided to the class administrator by MDS, whose business records reflect the necessary contact information for each of the 62 letter recipients who benefit from this settlement. The class administrator will then take all reasonable steps necessary to ensure that each class member receives direct mail notice, including updating addresses by reference to U.S. Postal Service databases and sending the notices with forwarding addresses requested. Upon receipt of the notice, class members will not be required to take any action to participate in the settlement fund.

---

[1] If notice and administration costs exceed $2,610, such excess costs will be deducted from the class settlement fund prior to its distribution. However, as explained below, the parties have worked closely with the administrator and thus do not anticipate any such risk to the class.

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

3

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

# Argument

**I. This Court should preliminarily certify the settlement class.**

Pursuant to Rules 23(a) and 23(b)(3), Plaintiff must establish the following for preliminary certification of her proposed settlement class: (1) the class is so numerous that joinder of all members is impracticable; (2) class members share questions of law or fact in common with Plaintiff; (3) Plaintiff's claims are typical of class members' claims; (4) Plaintiff will fairly and adequately protect the interests of the class; (5) questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. And, in particular, because certification is now sought in the context of the parties' settlement, the requirements of Rule 23(a) and 23(b)(3) are readily satisfied. *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.").[2]

**A. The members of the proposed settlement class are so numerous that joinder of all of them is impracticable.**

First, as to Rule 23(a)(1), "courts [generally] find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010). That is, "the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should

---

[2] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

Plaintiff's Motion for Preliminary Approval of Class Action Settlement with Mortgage Default Services, LLC, Case No. 2:17-cv-01519-RSL

4

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

meet the test of Rule 23(a)(1) on that fact alone." *Amone v. Aveiro*, 226 F.R.D. 677, 684 (D. Haw. 2005) (citing *Newberg & Conte, 1 Newberg on Class Actions* § 3.6 (4th ed. 2002)).

Here, during the relevant time period, MDS sent materially similar initial debt collection letters, like the one it sent to Plaintiff, to 62 consumers in total located in Washington and California. Every one of those letters is alleged to have violated the FDCPA in the same ways as the letter sent to Plaintiff. Because the settlement class contains 62 members—who are readily identifiable from MDS's business records—joinder is impracticable, and Rule 23(a) numerosity is satisfied. *See Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013) ("As a rough rule of thumb, approximately forty members is sufficient to satisfy the numerosity requirement.").

**B.  Questions of law and fact are common to the members of the settlement class.**

Second, the commonality requirement of Rule 23 demands only that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Significantly, "[a]ll questions of fact and law need not be common to satisfy the commonality requirement." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361 (2013). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id*.

Nonetheless, the questions of fact and law at issue here are entirely common because the salient questions—*e.g.*, whether MDS is a debt collector under the FDCPA, and whether its form debt collection letters violated the statute—are the same for each class member. And because each class member has the same FDCPA claims against MDS, Rule 23(a)(2) commonality requirement is satisfied. *See Datta v. Asset Recovery Solutions, LLC*, No. 15-188, 2016 WL 1070666, at *3 (N.D. Cal. Mar. 18, 2016) ("Plaintiff has thus presented the Court with a common question of law—whether or not such letters violate the FDCPA and RFDCPA—based on a common course of conduct. Accordingly, consistent with *Jacobson* and *Gold*, the Court finds that Plaintiff has

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

5

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

satisfied Rule 23(a)(2)'s commonality requirement."); *Bogner v. Masari Invs., LLC*, 257 F.R.D. 529, 532 (D. Ariz. 2009) (granting the plaintiff's motion for class certification of claims under the FDCPA, and holding that "the commonality requirement has been met because Plaintiffs allege that 'a standard letter sent by Defendants, to each member of the proposed class, was unfair and deceptive, in violation of the FDCPA'").

### C. Plaintiff's claims are typical of the class's claims.

"To demonstrate typicality, the putative class must show that the named parties' claims are typical of the class." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, typicality is satisfied as MDS sent materially similar debt collection letters to dozens of Washington and California residents within the class period, all of whom have FDCPA claims identical to Plaintiff's, and which are based solely on the text of the debt collection letters they received. *See Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675, 682 (D. Nev. 2008) ("Given the commonality of the letter in question, the general similarity of Plaintiff's claims and those of the putative class, and the permissive nature of the typicality requirement, the Court concludes the requirement has been satisfied."); *Gonzales v. Arrow Fin. Servs., LLC*, 489 F. Supp. 2d 1140, 1155 (S.D. Cal. 2007) ("[T]his Court is persuaded that typicality is sufficiently established if the class representative received the same collection letters as the class members."); *Abels v. JBC Legal Grp. P.C.*, 227 F.R.D. 541, 545 (N.D. Cal. 2005) (typicality met where "[e]ach of the class members was sent the same collection letter as Abels and each was allegedly subjected to the same violations of the FDCPA").

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

6

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

**D. Plaintiff, and her counsel, will fairly and adequately protect the interests of the members of the proposed settlement class.**

To adequately represent a class for purposes of Rule 23(a)(4), a named plaintiff must show that she has no interests antagonistic to the interests of the class. *Hanlon*, 150 F.3d at 1020. Here, Plaintiff has amply demonstrated as much because she pursued this case from the outset with the goal of obtaining relief for the members of the class, which she has now accomplished. Moreover, Plaintiff has been actively involved in this litigation since its inception, remained in regular contact with her attorneys throughout the process, and was firmly committed to protecting the interests of absent class members. She now submits that the favorable settlement obtained reflects that commitment.

As well, "the representative parties must appear able to prosecute the action vigorously through qualified counsel." *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1343 (W.D. Wash. 1998) (Zilly, J.). Plaintiff has retained the services of counsel who are well-versed in class action litigation, as the attorneys at Greenwald Davidson Radbil PLLC are well-equipped to handle the instant litigation and have ample experience representing plaintiffs in class actions. *See* Johnson Decl. at ¶¶ 5-10 (collecting cases appointing Greenwald Davidson Radbil PLLC class counsel in consumer protection class actions). Thus, Rule 23(a) adequacy is satisfied here. *See Datta*, 2016 WL 1070666, at *5 ("In addition, Plaintiff's counsel has submitted several declarations which describe counsel's experience in prosecuting consumer protection and FDCPA/RFDCPA class actions. Accordingly, the Court finds that Plaintiff has satisfied the vigorous prosecution requirement.").

As well, for these same reasons, Plaintiff's counsel will fairly and adequately represent the class and accordingly should be appointed class counsel consistent with Rule 23(g)(4). *See, e.g.*, *Schuchardt v. Law Office of Rory W. Clark*, No. 15-1329, 2016 WL 232435, at *6 (N.D. Cal. Jan.

Plaintiff's Motion for Preliminary Approval of Class Action Settlement with Mortgage Default Services, LLC, Case No. 2:17-cv-01519-RSL

7

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

20, 2016) ("Plaintiffs are represented by Aaron D. Radbil of Greenwald Davidson Radbil PLLC. The firm, and Mr. [Radbil] in particular, have been appointed class counsel in class actions around the country, including FDCPA cases, and including courts within the Ninth Circuit. Thus, it appears that the named representatives are able to prosecute this action vigorously through qualified counsel.").

### E. The questions of law and fact common to the settlement class predominate over any questions potentially affecting only individual class members.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc.*, 521 U.S. at 623. The focus of the predominance inquiry is on "the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Id*.

The central legal issue before this Court is whether MDS's initial debt collection letters to consumers violate the FDCPA by failing to include necessary disclosures regarding consumer's validation rights. Plaintiff's and the class's claims stem from materially similar debt collection letters, and numerous courts have found that common questions of law and fact predominate where class members' claims are based on standardized debt collection letters like here. *See, e.g.*, *Schuchardt*, 2016 WL 232435, at *6 (finding predominance satisfied because "the Court has already determined that the legality of the debt collection letters is a question of law that is common to the class. If the Court were to find that the text violated the FDCPA, that single adjudication would reach the claims of all Class Members."); *Bogner*, 257 F.R.D. at 534 ("The key issue in this case is whether Defendants violated the FDCPA by stating in standardized collection letters that disputes needed to be made in writing."). Rule 23(b)(3) predominance is thus satisfied here.

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

8

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

### F. A class action is the superior method for the fair and efficient adjudication of Plaintiff's and class members' claims.

Rule 23(b)(3) requires that a court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." "The superiority inquiry requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. In determining whether the "superiority" requirement is satisfied, a court may consider the following: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3). These factors, however, are not exhaustive. *Kamm v. California City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975).

Here, as noted above, a class settlement is the superior method for resolving the class members' claims. No one member of the proposed class has an interest in controlling the prosecution of this action because the claims of all members of the settlement class are identical, as the allegations involve standardized conduct. Noteworthy, the alternatives to a class action are either no recourse for dozens of class members, or a multiplicity of suits resulting in the inefficient administration of the litigation.

Moreover, absent a class action, many claims identical to those asserted by Plaintiff will likely go unaddressed:

> [A] class action in this context is superior to individual claims. First, the Court agrees that individual consumers are most likely unaware of their rights under the FDCPA and that the likelihood of individual actions is remote. Second, the drafters of the FDCPA contemplated class action recovery within the liability portion of the act. Third, the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually. Fourth, efficiency and

Plaintiff's Motion for Preliminary Approval of Class  
Action Settlement with Mortgage Default Services, LLC,  
Case No. 2:17-cv-01519-RSL

9

DC Law Group  
221 1st Ave W #320  
Seattle, WA 98119  
(206) 494-0400

consistency of concerns favor litigating the legality of Defendant's standardized conduct by all class members in one suit, rather than forcing each class member to sue individually.

*Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 514 (N.D. Cal. 2007).

Further, "[c]ase law affirms that class actions are a more efficient and consistent means of trying the legality of collection letters." *Abels*, 227 F.R.D. at 547 (citing *Irwin v. Mascott,* 112 F. Supp. 2d 937 (N.D. Cal. 2000)); *see also Kalish v. Karp & Kalamotousakis, LLP*, 246 F.R.D. 461, 464 (S.D.N.Y. 2007) ("In the FDCPA context, while the potential for higher individual recoveries exists, realizing that potential requires assuming that each putative class member is aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. Those transaction costs are not insubstantial and have prompted other courts in this Circuit to conclude that litigating as a class is superior to litigating individual FDCPA claims . . . ."). Consequently, Rule 23(b)(3) superiority is met, rendering the claims here eminently suitable to class treatment.

II. **This Court should preliminarily approve the parties' settlement as fair, reasonable, and adequate under Rule 23(e).**

Rule 23(e) requires that this Court make a preliminary determination of fairness as follows:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by the parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. . . . The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004); see also 4 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 11.25 (4th ed. 2002). After the preliminary fairness evaluation has been made, the class has been certified for settlement purposes,

Plaintiff's Motion for Preliminary Approval of Class Action Settlement with Mortgage Default Services, LLC, Case No. 2:17-cv-01519-RSL

10

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

and notice has been issued to class members, this Court then holds a final fairness hearing to show that the proposed settlement is truly fair, reasonable, and adequate. *See* MANUAL FOR COMPLEX LITIGATION § 21.633-34.

Preliminary approval requires only that this Court evaluate whether the proposed settlement: (1) was negotiated at arm's length; and (2) is within the range of possible litigation outcomes such that "probable cause" exists to disseminate notice and begin the formal fairness process. *See* MANUAL FOR COMPLEX LITIGATION § 21.632-33; *see also Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006) ("The purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing."). And while a complete fairness evaluation is unnecessary at this preliminary juncture, Plaintiff and her counsel strongly believe that the resolution reached here is in the settlement class's best interests.

To that end, the Ninth Circuit has identified eight factors to analyze the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). And in applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by federal courts. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits"). Here, each relevant factor

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

11

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

supports the conclusion that the negotiated settlement is fundamentally fair, reasonable, and adequate.

### A. The strengths of Plaintiff's case and the risks inherent in continued litigation against MDS and securing class certification against MDS favor preliminary approval.

The first and second *Hanlon* factors support approval. Of course, every class action involves some level of uncertainty, both on the merits and on the appropriateness of certification. This case was no different. There was no guarantee that Plaintiff's proposed class would be certified or that this Court, or the trier of fact, would find in favor of Plaintiff as to liability against MDS.

Moreover, even removing such uncertainty, it bears mention that the FDCPA's damages provision is not mandatory. Instead, it provides for awards *up to* certain amounts, after balancing such factors as, *inter alia*, the nature of the debt collector's noncompliance, the number of persons adversely affected, and the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k(b)(2). Thus, even assuming Plaintiff proceeded to trial and prevailed, there was no guarantee this Court would award the class full statutory damages of 1% of MDS's net worth.

No matter, the parties' agreement here ensures class benefits above that threshold. Based upon MDS's latest financials, the class's statutory damages recovery from the company would have been limited to well under $1,000, yet MDS has committed to a settlement fund of more than three times this amount, allowing for $58 per class member. The avoidance of uncertainties attendant to continued litigation weighs in favor of this immediate relief. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("The FDCPA provides for an award up to certain amounts depending on a number of factors, including the nature of the debt collector's noncompliance. Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

12

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable.").

### B. The immediate cash relief afforded by the settlement—when compared to the limitations on damages imposed by the FDCPA—favors preliminary approval.

For this same reason, the fourth *Hanlon* factor—the amount offered in the settlement—also favors approval. To reiterate, the cash relief provided to class members here exceeds the statutory 1% damages cap. *See* 15 U.S.C. § 1682k(A)(2)(B). That is, while the parties may disagree about the proper way to calculate MDS's net worth, by making payments of at least $58 to each participating class member, MDS will pay a total of $3,600 to the class—an amount that exceeds 1% of its balance sheet net worth as defined by *Sanders v. Jackson,* 209 F.3d 998, 1004 (7th Cir. 2000) ("net worth" within meaning of § 1692k means "balance sheet or book value net worth" of assets minus liabilities). *See Schuchardt*, 314 F.R.D. at 684 ("In sum, Defendant's net worth limits the scope of recovery here, and the Settlement Fund provides for recovery that exceeds this scope. Thus, even if the amount of per-Class Member recovery is less than the amount typically obtained in this District, because it exceeds the statutory maximum recovery, the amount offered in the Settlement Agreement favors final approval.").

Also noteworthy, the amount offered here to absent class members compares very favorably to other recent FDCPA class recoveries nationwide. *See, e.g.*, *Beck v. Thomason Law Firm, LLC*, No. 16-570, ECF No. 24 (D.N.M. Oct. 10, 2017) ($68.70 per class member); *Considine v. Sharinn & Lipshie, P.C.*, No. 15-4816, ECF No. 40 (E.D.N.Y. Aug. 8, 2017) ($24.17 each); *Marcoux v. Susan J. Szwed, P.A.*, No. 15-93, 2017 WL 679150 (D. Me. Feb. 21, 2017) ($42 each); *Cobb v. Edward F. Bukaty, III, PLC*, No. 15-335, 2016 WL 4925165, at *4 (M.D. La. Sept. 14, 2016) ($52.28 each); *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 4766079 (E.D. Pa. Sept. 13, 2016) ($10.92 each); *Schell v. Frederick J. Hanna &*

Plaintiff's Motion for Preliminary Approval of Class Action Settlement with Mortgage Default Services, LLC, Case No. 2:17-cv-01519-RSL

13

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

*Assocs.*, No. 15-418, 2016 WL 3654472 (S.D. Ohio July 8, 2016) ($10 each); *Kausch v. Berman & Rabin, P.A.*, No. 15-537, ECF No. 33 (E.D. Mo. July 8, 2016) ($39.06 per class member); *Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-02361, ECF No. 44 (D.N.J. June 2, 2016) ($12.62 per class member); *Schuchardt*, 314 F.R.D. at 683 ($15.10 per class member); *Whitford v. Weber & Olcese, P.L.C.*, No. 15-400, 2016 WL 122393 (W.D. Mich. Jan. 11, 2016) ($10.00 per class member).

In sum, given the proposed awards here as compared to statutory damages limits and other recent FDCPA class recoveries, the settlement presented is fair, reasonable, and adequate, and should be approved by this Court. *See Altamirano v. Shaw Indus., Inc.*, No. 13-939, 2016 WL 1271046, at *4 (N.D. Cal. Mar. 31, 2016) (finally approving class settlement for approximately 14% of total damages at issue, and noting, "Based on the facts in the record and the parties' arguments at the final fairness hearing, the Court finds that the settlement is within the range of reasonableness in light of the risks and costs of litigation.").

**C. The posture of this case and experience and views of counsel favor approval.**

Next, the fifth and sixth *Hanlon* factors likewise support preliminary approval. After months of litigation—which included the filing of an amended complaint and substantial briefing on several motions to dismiss filed by MDS's co-defendants as to similar claims asserted against them—the settlement here was achieved with a clear view as to the strengths and weaknesses of this case. Plaintiff and MDS also exchanged informal discovery concerning class damages and the number of potential class members. As a result, Plaintiff was able to adequately assess the class's maximum potential statutory damages recovery at trial, and "because this action is premised primarily upon a form collection notification letter (the class includes only those consumers who received initial correspondence substantially similar to Plaintiff) . . . legal issues predominate the

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

14

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

remaining disputes in this litigation." *Gregory v. McCabe, Weisberg & Conway, P.C.*, No. 13-6962, 2014 WL 2615534, at *9 (D.N.J. June 12, 2014).

Thus, counsel—who have substantial experience in litigating class actions, particularly under consumer protection statutes such as the FDCPA[3]—and this Court are adequately informed to evaluate the fairness of the settlement. Both Plaintiff and class counsel firmly believe that the settlement is fair, reasonable, and adequate, and in the best interests of the class. *See Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. This is because parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.").

Further, the parties' arm's-length settlement negotiations through experienced counsel demonstrate the fairness of the settlement that was reached, and that the settlement is not a product of collusion. Indeed, counsel for MDS and Plaintiff each zealously negotiated on behalf of their clients over the course of several months, resulting in the exchange of multiple written counteroffers and telephonic conferences among counsel before reaching an agreement. What's more, these negotiations were informed by parallel litigation concerning the sufficiency of virtually identical claims asserted against LHFS and Panatte. Nonetheless, at bottom, Plaintiff is confident in her class claims against MDS, and she and her counsel submit that the value of the class's recovery here—which far exceeds the applicable damages cap—reflects that confidence. *See Schuchardt*, 314 F.R.D. at 685 ("Given Class Counsel's extensive experience in this field, and

---

[3] *See* Johnson Decl. at ¶ 7.

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

15

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

their assertion that the settlement is fair, adequate, and reasonable, this factor supports final approval of the Settlement Agreement.").

### III.  This Court should approve the proposed notice plan.

Pursuant to Rule 23(e), upon preliminary approval, this Court must "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Such notice must be the "best notice practicable," *see* Fed. R. Civ. P. 23(c)(2)(B), which means "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

Here, the parties have agreed to a notice program to be administered by a third-party class administrator—First Class, Inc.—that will use all reasonable efforts to provide direct mail notice to each class member. The plan complies with Rule 23 and due process because, among other things, it informs class members, directly, of: (1) the nature of this action; (2) the essential terms of the parties' settlement, including the class definition and claims asserted; (3) the binding effect of a judgment if the class member does not request exclusion; (4) the process for objection and/or exclusion, including the time and method for objecting or requesting exclusion, and that class members may make an appearance through counsel; (5) information regarding Plaintiff's award of statutory damages and her request for an award of attorneys' fees and expenses for her counsel; and (6) how to make inquiries and where to find additional information regarding the settlement and claims at hand. Fed. R. Civ. P. 23(c)(2)(B); MANUAL FOR COMPLEX LITIGATION § 21.312.

In short, this notice plan ensures that class members' due process rights are amply protected and should be approved. *See* Fed. R. Civ. P. 23(c)(2)(A); *see also Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

16

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice.").

### IV. Scheduling a final fairness hearing is appropriate.

Lastly, the final step in the settlement approval process is a final fairness hearing at which this Court may hear all evidence and argument necessary to make its final settlement evaluation. Fed. R. Civ. P. 23(e)(2). This Court will determine after the final fairness hearing whether the settlement should be approved, and whether to enter a judgment and order of dismissal under Rule 23(e). The parties respectfully request that this Court set a date for a hearing on final approval, at the Court's convenience, approximately 120 days after the Court's preliminary approval of the settlement.

### Conclusion

Plaintiff respectfully requests that this Court enter the accompanying order granting preliminary approval to the above-described class action settlement, certifying the proposed settlement class, appointing Plaintiff as class representative, and appointing her counsel—Greenwald Davidson Radbil PLLC—as class counsel. As previously noted, MDS does not oppose the relief requested.

DATED: March 19, 2018                    Respectfully submitted,

                                         s/ Matthew J. Cunanan
                                         Matthew J. Cunanan, WSBA#42530
                                         Drew Davis, WSBA#47297
                                         Christopher Wieting, WSBA#48207
                                         Milena Vill, WSBA#51231
                                         DC LAW GROUP NW LLC
                                         221 1st Ave W #320
                                         Seattle, WA 98119
                                         Telephone: (206) 494-0400
                                         Facsimile: (855) 494-0400
                                         matthew@dclglawyers.com

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL                           17                       DC Law Group
                                                                              221 1st Ave W #320
                                                                              Seattle, WA 98119
                                                                              (206) 494-0400

s/ Jesse S. Johnson
Jesse S. Johnson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
jjohnson@gdrlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2018, I filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

s/ Jesse S. Johnson
Jesse S. Johnson

Plaintiff's Motion for Preliminary Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

18

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400