UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DELIA AIKENS, | Case No. C17-1519RSL |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| MORTGAGE DEFAULT SERVICES, LLC, | |
| Defendant. | |

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT**

Before the Court is plaintiff's motion for preliminary approval of the Class Action Settlement Agreement Between Delia Aikens and Mortgage Default Services, LLC. Dkt. # 39. Based on the Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes that, with the conditions for approving the Agreement provided for in this Order, the motion should be granted. For the parties' clarity, the Order departs from the Agreement in the following two ways, as provided below. First, the Order requires that the Class Administrator provide email notice to persons in the Settlement Class for whom an email address is available. Second, the Order requires that any excess costs of notice and administration will not be paid from the Settlement Fund. With those conditions, the Court otherwise finds as follows:

PRELIMINARY APPROVAL ORDER - 1

WHEREAS, this Court has been advised that Delia Aikens ("Plaintiff" or "Class Representative") and Mortgage Default Services, LLC ("MDS" or "Defendant"), through their respective counsel, have agreed, subject to court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **January 10, 2019, at 1:30 PM**, after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711–1715, Defendant will cause to be served written Notice of the proposed class settlement on the United States Attorney General and the Attorneys General of the states of Washington and California.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs ("Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (1) with a Washington or California address, (2) to whom Mortgage Default Services, LLC sent an initial written communication, (3) between October 10, 2016 and October 10, 2017, (4) in connection with the collection of a consumer debt, (5) that did not disclose that Mortgage Default Services, LLC is a debt collector who is attempting to collect a debt and that any information obtained

PRELIMINARY APPROVAL ORDER - 2

would be used for that purpose, and/or (6) that demanded payment on the debt within 30 days of the date of the written communication, and/or (7) that failed to include: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and/or (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and/or (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

MDS represents that there are a total of 62 Class Members, including the Class Representative.

Pursuant to Rule 23, this Court appoints Delia Aikens as the Class Representative. This Court also appoints Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel. *See Ryan v. DeVille Asset Mgmt., Ltd.*, No. 15-1067, 2016 WL 7165751 (D. Or. Dec. 7, 2016) (preliminarily approving class settlement under the Fair Debt Collection Practices Act ("FDCPA") and appointing Greenwald Davidson Radbil PLLC class counsel); *Gonzalez v. Germaine Law Office PLC*, No. 15-1427, 2016 WL 3360700 (D. Ariz. June 1, 2016) (same); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016) (finally approving FDCPA class settlement and confirming appointment of Greenwald Davidson Radbil PLLC as class counsel).

This Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

    A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C. The claims of the Plaintiff are typical of the claims of the Class Members;

    D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is

> superior to other available methods for a fair and efficient adjudication of this controversy.

*Schuchardt*, 314 F.R.D. at 679–80.

With the additional conditions provided for in this Order, the Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of Plaintiff's case; the anticipated complexity, duration and expense of additional litigation; the risk and delay inherent in possible appeals; the limited amount of any potential total recovery for the Class Members given the cap on statutory damages for claims brought pursuant to the FDCPA; and the opinion of Class Counsel, who are highly experienced in this area of class action litigation. *See Catala v. Resurgent Capital Servs. L.P.*, No. 08-2401, 2010 WL 2524158, at *2 (S.D. Cal. June 22, 2010) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).

A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. The costs of administration will be paid by MDS separate and apart from the settlement funds to Class Members, as provided in the Settlement Agreement. In ¶ 10(D), the Settlement provides that MDS will be responsible for paying the costs of notice and administration of the settlement, up to $2,610.00. Should the costs of notice and administration exceed $2,610.00, such excess costs over $2,610.00 **shall not** be paid from the Settlement Fund.[1] Upon the recommendation of the parties, this Court hereby appoints the following class administrator: First Class, Inc.

---

[1] Though this is a preliminary approval order, the Court would find that the Class Members bearing excess notice-and-administration costs, as provided in ¶ 10(D) of the Settlement, is not fair and reasonable. Given the number of anticipated Class Members and the size of the Settlement Fund, excess costs of even a few hundred dollars could reduce each Class Member's award by a meaningful percentage. Plaintiff represents that "the parties have worked closely with the administrator and thus do not anticipate any such risk to the class." Dkt. # 39 at 4 n.1. If that risk is indeed low, the parties are free to agree that MDS, the Class Administrator, or Class Counsel shall bear the risk of excess costs.

PRELIMINARY APPROVAL ORDER - 4

This Court approves the form and substance of the Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit C. In addition to the mail notice provided for in ¶ 7(A) of the Settlement, the Class Administrator shall provide email notice to persons in the Settlement Class for whom an email address is available. This form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice."). This Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than September 28, 2018**. The class administrator will confirm and, if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.

Any Class Member who desires to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than 60 days after the Court's entry of this order, *i.e.*, **no later than November 6, 2018**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Court's entry of this order, *i.e.*, **no later than, November 6, 2018**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Jesse S. Johnson, Greenwald

PRELIMINARY APPROVAL ORDER - 5

Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, Florida 33431; and counsel for MDS: J. Scott Miller, Law Offices of J. Scott Miller, PS, 201 W. North River Drive, Suite 305, Spokane, Washington 99201-2266.

To be effective, a notice of intent to object to the settlement must:

(a) Contain a heading which includes the name of the case and case number;

(b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c) Be filed with the Clerk of the Court no later than 60 days after the Court preliminarily approves the settlement;

(d) Be sent to Class Counsel and counsel for Defendant at the addresses designated in the Notice by first-class mail, postmarked no later than 60 days after the Court preliminarily approves the settlement; Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Western District of Washington; and

(e) Contain a statement of the specific basis for each objection.

Any Class Member who has timely filed an objection may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the settlement, and on the application for an award of attorneys' fees, costs, and expenses.

Upon final approval by the Court, the class administrator will mail a settlement check to each Class Member who elects to participate in the settlement. Each Class Member will receive a pro-rata portion of the $3,600 Settlement Fund. Additionally, MDS will pay to the Class Representative the sum of $1,000 as statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(B)(i).

This Court will conduct a fairness hearing on **January 10, 2019, at 1:30 PM,** at the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington 98101, to review and rule upon the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C. Whether a Final Approval Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D. To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Consistent with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), submissions by the Parties—including memoranda in support of the proposed settlement and petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel—must be filed within 30 days after the deadline for dissemination of class notice, *i.e.*, **no later than October 28, 2018**. Any opposition to any of the foregoing must be filed with the Court no later than 14 days prior to the final fairness hearing, *i.e.*, **no later than December 27, 2018**. Reply memoranda in support of the foregoing, including responses to any objections, must be filed with the Court no later than 7 days prior to the final fairness hearing, *i.e.*, **no later than January 3, 2019**.

The Settlement Agreement and this Order will be null and void if any of the following occur:

A. The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties; or

C. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

PRELIMINARY APPROVAL ORDER - 7

If the Settlement Agreement and/or this Order are voided, then the Settlement Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered. This Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

This Court sets the following schedule:

| Date | Event |
| --- | --- |
| Sep. 7, 2018 | Preliminary Approval Order Entered |
| Sep. 28, 2018 | Notice Sent (21 days after entry of Preliminary Approval Order) |
| Oct. 28, 2018 | Filing of Motion for Final Approval and Attorneys' Fees Petition (30 days after deadline for dissemination of class notice) |
| Nov. 6, 2018 | Deadline to Send Exclusion or File Objection (60 days after entry of Preliminary Approval Order) |
| Dec. 27, 2018 | Filing of Opposition to Final Approval or Attorneys' Fees Petition (14 days prior to final fairness hearing) |
| Jan. 3, 2019 | Filing of Replies in support of Final Approval and Attorneys' Fees Petition, and responses to any objections (7 days prior to final fairness hearing) |
| Jan. 10, 2019 | Final Fairness Hearing Held |
| At Court's discretion. | Final Approval Order Entered |

IT IS SO ORDERED.

DATED this 7th day of September, 2018.

*[signature: Robert S. Lasnik]*

Robert S. Lasnik
United States District Judge

PRELIMINARY APPROVAL ORDER - 8