# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **DELIA AIKENS**, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **MORTGAGE DEFAULT SERVICES, LLC,** <br><br> Defendant | ) Case No. 2:17-cv-01519-RSL <br> ) <br> ) Class Action <br> ) <br> ) PLAINTIFF'S UNOPPOSED MOTION FOR <br> ) FINAL APPROVAL OF CLASS ACTION <br> ) SETTLEMENT WITH MORTGAGE <br> ) DEFAULT SERVICES, LLC <br> ) <br> ) MOTION HEARING: <br> ) January 10, 2019 <br> ) |

Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement with Mortgage Default Services, LLC, Case No. 2:17-cv-01519-RSL

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

## Introduction

The settlement now before this Court for final approval provides a class of 87 consumers over $5,000 in total, a sum that exceeds the best possible outcome at trial given the statutory damages cap imposed by the Fair Debt Collection Practices Act ("FDCPA").[1] Each class member will receive approximately $58.06 from the settlement fund—well in line with per-person recoveries in other recent FDCPA class settlements—unless he or she opts out before the November 6, 2018 deadline. As of today, and following a successful direct mail notice campaign, no one has done so. Plaintiff will supplement her briefing as necessary to update the Court once that deadline has passed.

In the meantime, not only has Plaintiff secured a class recovery that bests any potential trial outcome, she also has garnered a $1,000 personal recovery—to be paid separate and apart from the class's recovery—which equals her maximum potential individual award under the statute. Given the substantial relief it provides, as well as the class's support for it thus far, Plaintiff respectfully requests that this Court finally approve the parties' class settlement and confirm certification of the settlement class.

## Summary of the Class Settlement

**I.   Defendant will establish a $5,051.22 settlement fund for the benefit of 87 people.**

This Court previously certified a settlement class under Rule 23(b)(3) comprised of all persons in Washington and California to whom Defendant mailed, between October 10, 2016 and October 10, 2017, an initial debt collection communication, in connection with the collection of a

---

[1] The parties initially estimated 62 class members, but in connection with notice mailing, Mortgage Default Services, LLC ("MDS" or "Defendant") identified a total of 87 persons who received letters materially similar to that received by Delia Aikens ("Plaintiff"). *See* ECF No. 48. Given this jump in class membership, Defendant agreed to proportionately increase the class settlement fund to $5,051.22 so that all 87 class members receive $58.06 each, as initially presented to this Court. *Id*.

Plaintiff's Unopposed Motion for Final Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

1

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

consumer debt, that (a) did not disclose that Defendant is a debt collector attempting to collect a debt and that any information obtained would be used for that purpose, and/or (b) demanded payment on the debt within 30 days of the date of the written communication, and/or (c) failed to include: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and/or (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and/or (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. ECF No. 47.

There are 87 persons in the settlement class. Thus far, not a single class member has objected to the settlement or opted out of it. The deadline for doing so is November 6, 2018. *Id.*

Assuming full class participation, the $5,051.22 non-reversionary settlement fund will provide approximately $58.06 to each class member. Those class members need not submit a claim form or any other documentation to receive their pro-rata share. And, significantly, the aggregate settlement fund exceeds the FDCPA's cap on class-wide statutory damages of one percent of Defendant's net worth. *See* 15 U.S.C. § 1692k(a)(2)(B) ("in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector").

Plaintiff's Unopposed Motion for Final Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

2

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

Should any settlement checks go uncashed after First Class, Inc. ("First Class")—the Court-approved class administrator—takes all reasonable steps to forward checks to any forwarding addresses, the residual funds will be directed to Northwest Justice Project—the Court-approved *cy pres* recipient. This means none of the funds will revert to Defendant.

## II. Defendant separately will pay an individual damages award to Plaintiff, class notice and administration costs, as well as class counsel's reasonable attorneys' fees, costs, and litigation expenses.

Separately, Defendant also will pay Plaintiff $1,000 in statutory damages—the most to which she is entitled under the FDCPA, *see* 15 U.S.C. § 1692k(a)(2)(A)—plus the costs of notice and settlement administration. The parties have worked closely with First Class to formulate an administration plan that provides both notice and settlement checks via direct mail to each class member who does not exclude himself or herself. And First Class expects to achieve this within the budget negotiated by the parties and initially presented to this Court. Should administration exceed this budget, however, and consistent with this Court's preliminary approval, class members will *not* bear any additional administration costs. See ECF No. 47.

Defendant also will separately pay class counsel's reasonable attorneys' fees, costs, and litigation expenses incurred in this action in the agreed amount of $13,500, subject to this Court's approval. Contemporaneous with this filing, Plaintiff will submit a separate motion seeking the Court's approval of such an award.

## III. So far, no one has objected to the settlement or opted out of it.

With First Class's assistance, on September 28, 2018, the parties disseminated direct mail notice of the settlement to each class member using the names and last known addresses found in Defendant's records. *See* Affidavit of Bailey Hughes, attached as Exhibit A, at ¶ 7. Prior to the mailing, First Class also took its usual initial steps of de-duplicating class members' records and updating addresses through the U.S. Postal Service. *See id.* at ¶¶ 5-6.

Plaintiff's Unopposed Motion for Final Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

3

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

For the notices since returned as undeliverable with no forwarding addresses, First Class also undertook skip-trace search measures to attempt to locate updated addresses for those class members. *Id.* at ¶ 10. These efforts resulted in the re-mailing of four notices to new addresses. *Id.* In total, of the 87 class notices initially mailed, only two notices ultimately proved undeliverable as a result of expired addresses. *Id.* at ¶ 11. This represents a success rate of over 97% in the parties' direct mail notice campaign.

Plaintiff is proud to report that the class's reaction thus far has been overwhelmingly positive: not one person has lodged an objection, nor has anyone requested to be excluded. *Id.* at ¶¶ 12-13. Also important, no objections have resulted from notice provided to governmental agencies under the Class Action Fairness Act ("CAFA"), either. Such strong initial support confirms the fairness and reasonableness of the settlement's terms.

## Argument

### I. This Court should confirm its certification of the settlement class.

This Court previously certified the class for settlement purposes. ECF No. 47. Plaintiff agrees with the Court's reasoning and sees no need to revisit certification. Accordingly, Plaintiff respectfully submits that this Court should confirm its certification of the settlement class.

### II. This Court should finally approve the parties' settlement as fair, reasonable, and adequate under Rule 23(e) and applicable Ninth Circuit law.

As for the terms of the settlement, the Ninth Circuit has identified eight factors to analyze their fairness, reasonableness, and adequacy: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a

Plaintiff's Unopposed Motion for Final Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

4

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).[2]

Each relevant factor supports the conclusion that the class settlement here is fundamentally fair, reasonable, and adequate. And of course, in applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by federal courts. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits"). And this Court should give a presumption of fairness to arm's-length settlements reached by experienced counsel. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").

**A. The strengths of Plaintiff's case and the risks inherent in continued litigation against Defendant, and securing class certification, favor final approval.**

The first and second *Hanlon* factors support final approval. Of course, every class action involves some level of uncertainty, both on the merits and on the appropriateness of certification. This case was no different, as there was no guarantee that Plaintiff's proposed class would be certified or that this Court, or the trier of fact, would find in favor of Plaintiff as to liability.

But even removing such uncertainty, the FDCPA's damages provision notably is *not* mandatory. Instead, the statute provides for awards *up to* certain amounts, after balancing such factors as, *inter alia*, the nature of the debt collector's noncompliance, the number of persons adversely affected, and the extent to which the noncompliance was intentional. 15 U.S.C. §

---

[2] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement with Mortgage Default Services, LLC, Case No. 2:17-cv-01519-RSL

5

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

1692k(b)(2). Thus, even assuming Plaintiff proceeded to trial and won, there was no guarantee this Court would award the class full statutory damages of one percent of Defendant's net worth.

No matter, the parties' agreement ensures class benefits above that threshold. Based upon Defendant's latest financials at the time of settlement negotiations, the class's statutory damages recovery from the company would have been limited to well under $1,000. Yet Defendant now has committed to a settlement fund of more than *five* times this amount, allowing for over $58 per class member. The avoidance of uncertainties attendant to continued litigation weighs in favor of this immediate relief. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("The FDCPA provides for an award up to certain amounts depending on a number of factors, including the nature of the debt collector's noncompliance. Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable.").

**B. The immediate cash relief afforded by the settlement—when compared to the limitations on damages imposed by the FDCPA—favors final approval.**

Along these same lines, the fourth *Hanlon* factor—the amount offered in the settlement— also favors final approval. To reiterate, the cash relief provided to class members here exceeds the statutory damages cap. *See* 15 U.S.C. § 1682k(A)(2)(B). That is, while the parties may disagree about the proper way to calculate Defendant's net worth, by making payments of approximately $58.06 to each participating class member, Defendant will pay a total of $5,051.22 to the class— an amount that far exceeds one percent of its balance sheet net worth as defined by *Sanders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000) ("net worth" within meaning of § 1692k means "balance sheet or book value net worth" of assets minus liabilities). *See Schuchardt*, 314 F.R.D. at 684 ("In sum, Defendant's net worth limits the scope of recovery here, and the Settlement Fund

Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement with Mortgage Default Services, LLC, Case No. 2:17-cv-01519-RSL

6

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

provides for recovery that exceeds this scope. Thus, even if the amount of per-Class Member recovery is less than the amount typically obtained in this District, because it exceeds the statutory maximum recovery, the amount offered in the Settlement Agreement favors final approval.").

Also noteworthy, the amount offered here to absent class members compares very favorably to other recent FDCPA class recoveries nationwide. *See, e.g.*, *Beck v. Thomason Law Firm, LLC*, No. 16-570, ECF No. 24 (D.N.M. Oct. 10, 2017) ($68.70 per class member); *Considine v. Sharinn & Lipshie, P.C.*, No. 15-4816, ECF No. 40 (E.D.N.Y. Aug. 8, 2017) ($24.17 each); *Marcoux v. Susan J. Szwed, P.A.*, No. 15-93, 2017 WL 679150 (D. Me. Feb. 21, 2017) ($42 each); *Cobb v. Edward F. Bukaty, III, PLC*, No. 15-335, 2016 WL 4925165 (M.D. La. Sept. 14, 2016) ($52.28 each); *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 4766079 (E.D. Pa. Sept. 13, 2016) ($10.92 each); *Schell v. Frederick J. Hanna & Assocs.*, No. 15-418, 2016 WL 3654472 (S.D. Ohio July 8, 2016) ($10 each); *Kausch v. Berman & Rabin, P.A.*, No. 15-537, ECF No. 33 (E.D. Mo. July 8, 2016) ($39.06 per class member); *Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-02361, ECF No. 44 (D.N.J. June 2, 2016) ($12.62 per class member); *Schuchardt*, 314 F.R.D. at 683 ($15.10 per class member); *Whitford v. Weber & Olcese, P.L.C.*, No. 15-400, 2016 WL 122393 (W.D. Mich. Jan. 11, 2016) ($10.00 per class member).

In sum, the proposed awards are fair, reasonable, and adequate, and the settlement thus should be approved by this Court. *See Altamirano v. Shaw Indus., Inc.*, No. 13-939, 2016 WL 1271046, at *4 (N.D. Cal. Mar. 31, 2016) (finally approving class settlement for approximately 14% of total damages at issue, and noting, "Based on the facts in the record and the parties' arguments at the final fairness hearing, the Court finds that the settlement is within the range of reasonableness in light of the risks and costs of litigation.").

Plaintiff's Unopposed Motion for Final Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

7

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

### C. The posture of this case and experience and views of counsel favor final approval.

Next, the fifth and sixth *Hanlon* factors likewise support final approval. After months of litigation—which included the filing of an amended complaint and substantial briefing on several motions to dismiss filed by Defendant's co-defendants as to similar claims asserted against them, *see, e.g.*, ECF Nos. 24, 26, 27, 33, 36—the settlement here was achieved with a clear view as to the strengths and weaknesses of this case. Plaintiff and Defendant also exchanged informal discovery concerning class damages and the number of potential class members. As a result, Plaintiff could, and did, adequately assess the class's maximum potential statutory damages recovery at trial. And "because this action is premised primarily upon a form collection notification letter (the class includes only those consumers who received initial correspondence substantially similar to Plaintiff) . . . legal issues predominate the remaining disputes in this litigation." *Gregory v. McCabe, Weisberg & Conway, P.C.*, No. 13-6962, 2014 WL 2615534, at *9 (D.N.J. June 12, 2014).

Thus, counsel—who have substantial experience in litigating class actions, particularly under consumer protection statutes such as the FDCPA[3]—and this Court are adequately informed to evaluate the fairness of the settlement presented. Both Plaintiff and class counsel firmly believe that the settlement is fair, reasonable, and adequate, and in the best interests of the class. *See Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. This is because parties represented by competent counsel are better

---

[3] *See* Declaration of Jesse S. Johnson in Support of Plaintiff's Unopposed Motion for Approval of an Award of Attorneys' Fees, Costs, and Litigation Expenses, submitted concurrently herewith, at ¶¶ 9-17.

Plaintiff's Unopposed Motion for Final Approval of Class
Action Settlement with Mortgage Default Services, LLC,
Case No. 2:17-cv-01519-RSL

8

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.").

Further, the parties' arm's-length settlement negotiations through experienced counsel demonstrate the fairness of the settlement that was reached, and that the settlement is not a product of collusion. Counsel for the parties zealously negotiated on behalf of their clients over the course of several months, resulting in the exchange of multiple written counteroffers and telephonic conferences among counsel before reaching the agreement presented. In fact, upon the discovery of an additional 25 class members beyond the initial tally, the parties undertook additional negotiations before Defendant agreed to increase the class settlement fund to account for the newfound class members. *See* ECF No. 48.

Of course, all negotiations also were informed by parallel litigation concerning the sufficiency of virtually identical claims asserted against MDS's co-defendants. Nonetheless, at bottom, Plaintiff is confident in her class claims, and she and her counsel submit that the value of the class's recovery here—which far exceeds the applicable damages cap—reflects that confidence. *See Schuchardt*, 314 F.R.D. at 685 ("Given Class Counsel's extensive experience in this field, and their assertion that the settlement is fair, adequate, and reasonable, this factor supports final approval of the Settlement Agreement.").

**D. The lack of opposition from class members further supports final approval.**

Finally, "[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *DirecTV*, 221 F.R.D. at 529 (collecting cases). "Thus, here, the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D.

245, 258 (N.D. Cal. 2015) (class's favorable reaction supported settlement approval when no one objected and only nine members excluded themselves).

As set forth above, First Class disseminated the Court-approved notice via U.S. Mail to all 87 class members. To date, no one has objected to the settlement or excluded themselves. In addition, Defendant served written notice of the settlement on the United States Attorney General and the Attorneys General of Washington and California. As of this filing, no objections have resulted from the CAFA notice, either. These facts weigh heavily in favor of settlement approval, and if anything changes between this filing and the November 6 deadline for objections and exclusions, Plaintiff will file a supplemental brief to so inform the Court.

**Conclusion**

Plaintiff respectfully requests that this Court finally approve the above-described class action settlement and confirm certification of the settlement class. As noted, neither Defendant nor any class member up to this point opposes this relief. The deadline for class members' objections or exclusions is November 6, 2018. After that deadline has passed, but before the final fairness hearing, Plaintiff will update this Court regarding receipt of any objections or exclusions and, at the same time, provide a proposed final approval order addressing the same.

DATED: October 26, 2018           Respectfully submitted,

                                  s/ Matthew J. Cunanan
                                  Matthew J. Cunanan, WSBA#42530
                                  Drew Davis, WSBA#47297
                                  Christopher Wieting, WSBA#48207
                                  Milena Vill, WSBA#51231
                                  DC LAW GROUP NW LLC
                                  221 1st Ave W #320
                                  Seattle, WA 98119
                                  Telephone: (206) 494-0400
                                  Facsimile: (855) 494-0400
                                  matthew@dclglawyers.com

s/ Jesse S. Johnson
Jesse S. Johnson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
jjohnson@gdrlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, I filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

s/ Jesse S. Johnson
Jesse S. Johnson

Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement with Mortgage Default Services, LLC, Case No. 2:17-cv-01519-RSL

11

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400