# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **DELIA AIKENS**, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**MORTGAGE DEFAULT SERVICES, LLC,**<br><br>Defendant | Case No. 2:17-cv-01519-RSL<br><br>Class Action<br><br>PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF AN AWARD OF ATTORNEYS' FEES, COSTS, AND LITIGATION EXPENSES<br><br>MOTION HEARING:<br>January 10, 2019 |

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

## Introduction

Delia Aikens ("Plaintiff") undertook this action to obtain class-wide relief and has succeeded in doing so on behalf of 87 Washington and California consumers who stand to gain more by way of settlement than likely would have been possible at trial. All participating class members will receive at least $58.06 each in statutory damages from Mortgage Default Services, LLC ("MDS" or "Defendant"), for an aggregate recovery that exceeds the cap on statutory damages under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff is proud of the results achieved and now seeks this Court's approval of an award of attorneys' fees, costs, and litigation expenses for class counsel's efforts in obtaining them.

After this Court preliminarily approved the parties' settlement in September, *see* ECF No. 47, First Class, Inc. ("First Class") proceeded with the approved direct mail notice program to all class members. The reaction thus far has been overwhelmingly positive, as no one has excluded himself or herself or objected to the settlement's terms. This lack of concern is notable, particularly since the class notice indicated that class counsel would seek a combined fee and expense award of $13,500.

The award now presented for approval was separately negotiated with MDS after all other settlement terms had been set, was disclosed in the class notice, and represents a voluntary *reduction* to class counsel's anticipated lodestar with respect to MDS. As detailed below and in the accompanying Declaration of Jesse S. Johnson ("Johnson Decl."), this proposed award is eminently reasonable for this certified class action, is supported by the record and by applicable law, is unopposed by MDS or class members, and thus should be approved.

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

1

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

## Summary of the Class Settlement

MDS will create a non-reversionary class settlement fund of $5,051.22 for the benefit of 87 Washington and California consumers to whom it sent initial debt collection letters with allegedly deficient FDCPA disclosures. Each participating class member will receive $58.06 in statutory damages, for an aggregate class recovery that exceeds the FDCPA's cap on statutory damages of one percent of MDS's book-value net worth.

If any settlement checks remain uncashed after their void date, the residual settlement funds will be redirected to Northwest Justice Project as the Court-approved *cy pres* recipient. Importantly, none of the funds will revert to MDS. Separate and apart from the class fund, MDS also will pay $1,000 in individual statutory damages to Plaintiff—the most to which she is entitled under 15 U.S.C. § 1692k(a)(2)(A).

MDS also has separately paid all costs for distributing class notice, and it will cover any remaining administration expenses in connection with settlement checks. The parties initially established a budget of $2,610 for notice and administration, which remains on track according to First Class's most recent estimates. But should the program nevertheless exceed this budget, the parties will address payment of the overage so as not to limit the class's recovery, per this Court's preliminary approval order. *See* ECF No. 47 at 4.

Finally, aside from the relief for Plaintiff and absent class members listed above, MDS also separately will pay an award of attorneys' fees, costs, and expenses for class counsel in the total agreed amount of $13,500, subject to this Court's approval.

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

2

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

**Argument**

**I. The FDCPA mandates awards of attorneys' fees to prevailing consumer-plaintiffs.**

To encourage private action and enforcement, the FDCPA mandates awards of attorneys' fees to successful consumer-plaintiffs like Ms. Aikens. 15 U.S.C. § 1692k(a)(3); *see also Fulton v. Livingston Fin. LLC*, No. 15-574, 2016 WL 3976558, at *2 (W.D. Wash. July 25, 2016) (Robart, J.) ("In the case of any successful action to enforce liability under the FDCPA, the plaintiff is entitled to recover costs of the action, together with a reasonable attorney's fee as determined by the court. This fee award is mandatory.").[1]

By including a mandatory fee-shifting provision in the statute, Congress has indicated that society has an important stake in assisting consumers who may not otherwise have the means to pursue these types of cases against debt collectors, and also in rewarding those attorneys who assist in that pursuit. The Ninth Circuit explained:

> Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). However, "[i]n order to encourage private enforcement of the law ... Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a 'fee shifting' statute." *Id.* The FDCPA is one such statute, providing that any debt collector who fails to comply with its provisions is liable "in the case of any successful action ... [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The FDCPA's statutory language makes an award of fees mandatory.

*Camacho v. Bridgepoint Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Importantly, awards of reasonable attorneys' fees under federal statutes that include fee-shifting provisions, like the FDCPA, "are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986); *see also*

---

[1] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

3

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

*Lewis v. Kendrick*, 944 F.2d 949, 957 (1st Cir. 1991) ("We believe we made it clear that we were not departing from the recognized principle that the fee is not limited by the size of the recovery, but may, in appropriate instances, greatly exceed it."). This is because to limit an award of attorneys' fees in such a manner would seriously undermine the mechanism that Congress chose to enforce the FDCPA. *See Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (the FDCPA includes mandatory fee shifting because Congress "chose a 'private attorney general' approach to assume enforcement of the FDCPA").

The very purpose of the FDCPA's statutory fee-shifting provision is to benefit consumers by ensuring them competent counsel to pursue remedies for even relatively small claims. And by so providing the private bar with incentive to involve itself in consumer litigation, the federal government has simultaneously relieved itself of the costs of protecting consumers while still ensuring that those consumers may avail themselves of their statutory rights.

Thus, "[i]n order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Id.* at 653. That "commensurate" fee is best measured by "what that attorney could earn from paying clients" at a "standard hourly rate." *Id*. So, paying counsel less—for example, by proportioning a fee award to the amount of damages recovered— "is inconsistent with the Congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Id.*

**II.  For its work in securing excellent recoveries for Plaintiff and the class, class counsel are now entitled to a reasonable—and unopposed—$13,500 fee and expense award.**

"The touchstone for calculating reasonable attorneys' fees is the lodestar method." *Fulton*, 2016 WL 3976558, at *2. The lodestar "is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* "The

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

4

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* As well, to determine the overall reasonableness of a requested fee award, district courts in this Circuit may look to the oft-cited *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

### A. GDR will have reasonably amassed a lodestar of nearly $60,000 by the conclusion of this matter.

The accompanying declaration from Mr. Johnson outlines the significant efforts undertaken by class counsel, Greenwald Davidson Radbil PLLC ("GDR"), to obtain the results achieved here. Those efforts included: (a) conducting an investigation into the underlying facts regarding Plaintiff's and the class's claims; (b) preparing a class action complaint and amended class action complaint; (c) researching the law pertinent to class members' claims and MDS's defenses; (d) preparing Plaintiff's initial disclosures and reviewing the same from MDS; (e) conducting a net worth analysis for MDS and negotiating the parameters of the class settlement now before this Court; (f) conferring repeatedly with Plaintiff and defense counsel throughout the litigation; (g) preparing the parties' class action settlement agreement, along with the proposed class notice; (h) coordinating with First Class and defense counsel to devise and implement a class notice and settlement administration program to best serve class members; (i) preparing Plaintiff's unopposed motion for preliminary approval of the class settlement, and the proposed order accompanying the same; (j) preparing Plaintiff's unopposed motion for final approval of the class settlement, and the proposed order accompanying the same; (k) preparing the instant motion for

Plaintiff's Unopposed Motion for Approval of an Award    5    DC Law Group
of Attorneys' Fees, Costs, and Litigation Expenses,           221 1st Ave W #320
Case No. 2:17-cv-01519-RSL                                    Seattle, WA 98119
                                                              (206) 494-0400

approval of an award of attorneys' fees, costs, and litigation expenses; (l) preparing counsel's declaration in support of Plaintiff's unopposed fee and expense request; and (m) conferring with class members to answer questions about the settlement. *See* Johnson Decl. at ¶ 30.

As well, before this matter concludes, GDR's attorneys also will have (1) prepared for, traveled to, and attended the final fairness hearing set for January 10, 2019 in Seattle; (2) conferred with First Class to distribute settlement checks upon court approval; and (3) if necessary, conferred with class members to answer questions or address concerns related to those checks. *Id.* at ¶ 38.

Class counsel accordingly have spent a total of 119.3 hours litigating this case to date and, in light of the work still remaining to be done, anticipate spending an additional 25-30 hours to see this case through final approval and beyond. *See id*. at ¶¶ 34-38.[2] Thus, by the time this matter concludes, class counsel expect to have spent at least 144.3 hours litigating Plaintiff's and the class's claims against MDS—a total they submit is more than reasonable in this certified class action for the benefit of Washington and California consumers.

As to hourly rates, Mr. Johnson led GDR's efforts in this matter at a rate of $400 per hour. Notably, going back as far as 2015, this rate has been specifically approved for GDR's partners by the Southern District of Mississippi, the Southern District of Florida (twice), the Eastern District of Pennsylvania, as well as the Northern District of California in awarding attorneys' fees in similar FDCPA class settlements. *See McWilliams v. Advanced Recovery Sys., Inc.*, No. 15-70, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017); *Kemper v. Andreu, Palma & Andreu, PL*, No. 15-21226, ECF No. 54 at 8 (S.D. Fla. Nov. 30, 2016); *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 4766079, at *10 (E.D. Pa. Sept. 13, 2016); *Schuchardt v.*

---

[2] Courts may properly rely on summaries of the total number of hours spent by counsel. *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148-49 (9th Cir. 2000); *see also Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("It is perfectly proper to award attorney's fees based solely on affidavits in the record.").

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

6

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

*Law Office of Rory W. Clark*, 314 F.R.D. 673, 689 (N.D. Cal. 2016) ("Given that Class Counsel has been appointed in numerous class actions, including FDCPA cases; courts have awarded them exactly the same rates requested here in previous cases; and courts in this District found similar rates appropriate in FDCPA cases, Class Counsel's requested rates are reasonable."); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329, at *4 (S.D. Fla. Feb. 23, 2015) ("Defendant shall pay Class Counsel [Greenwald Davidson Radbil PLLC] $65,000.00 for attorneys' fees and expenses, which is based in part upon Class Counsel's reasonable hourly rate of $400 per hour.").

What's more, several other decisions within this district and the Ninth Circuit more generally also support the reasonableness of a $400 partner hourly rate in actions like this, especially in light of this being a class action. *See, e.g.*, *Brandt v. Columbia Credit Servs., Inc.*, No. 17-703, 2018 WL 4963109, at *1 (W.D. Wash. Oct. 15, 2018) (Martinez, J.) (approving $400 rate in *individual* FDCPA action).

Partner James L. Davidson billed at $450 per hour. This rate fits within the range of reasonableness for consumer protection actions of this sort within the Ninth Circuit, particularly considering this is a class case. *See, e.g.*, *Clark v. Golden Specialty, Inc.*, No. 14-1412, 2017 WL 516163, at *2 (W.D. Wash. Feb. 8, 2017) (Zilly, J.) (awarding $550 partner rate in *individual* action under the Fair Labor Standards Act); *Brown v. Mandarich Law Grp., LLP*, No. 13-4703, 2014 WL 1340211, at *2 (N.D. Cal. April 2, 2014) (approving $450 rate for partner in *individual* FDCPA action four years ago); *Rivera v. Portfolio Recovery Assocs., LLC*, No. 13-2322, 2013 WL 5311525, at *8 (N.D. Cal. Sept. 23, 2013) (approving $450 five years ago for successful FDCPA action); *Palmer v. Far West Collection Servs., Inc.*, 04-3027, 2008 WL 5397140, at *1 (N.D. Cal. Dec. 18, 2008) (in FDCPA class action, approving $465 rate as reasonable ten years ago).

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

7

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

Additionally, associate Alexander D. Kruzyk contributed work here at a rate of $350 per hour. This associate rate, too, was specifically approved as reasonable within this Circuit and elsewhere across the country in similar FDCPA class actions in the past three years. *See McWilliams*, 2017 WL 2625118, at *3; *Kemper*, No. 15-21226, ECF No. 54 at 8; *Bellum*, 2016 WL 4766079, at *10; *Schuchardt*, 314 F.R.D. at 689. Further, it fits within the range of reasonableness for FDCPA litigation in this district and elsewhere within the Ninth Circuit, particularly in light of this being a class case rather than an individual action. *See, e.g.*, *Brandt*, 2018 WL 4963109, at *1 (approving $350 per hour in individual FDCPA action); *Clark*, 2017 WL 516163, at *2 (approving $350 per hour in individual FLSA action); *Brown*, 2014 WL 1340211, at *2 (approving $350 rate for associate in individual FDCPA action); *Rivera*, 2013 WL 5311525, at *8 (approving $300 per hour in FDCPA action over five years ago).

Applying the foregoing rates to each attorney's accumulated time results in a total expected lodestar here of $59,110. *See* Johnson Decl. at ¶ 40. This exceeds the actual amount of attorneys' fees sought by more than $45,000, confirming the exceeding reasonableness of Plaintiff's unopposed request.[3] And further supporting such reasonableness is the fact that courts in this Circuit may also make "adjustments" to the submitted lodestar based upon the results obtained. *Fulton*, 2016 WL 3976558, at *2. But here, class counsel do not seek any adjustment or multiplier on their lodestar, but rather a sizeable *discount*—of more than 77%. *See* Johnson Decl. at ¶ 41. For that matter, dividing the fees amount sought ($13,500) by the number of hours invested in the prosecution of Plaintiff's and the class's claims against MDS (119.3) results in a blended effective hourly rate of only $113.16—far below the rates typically charged by class counsel.

---

[3] Also worth mentioning, the lodestar submitted here does not include any of the time spent by attorneys at the DC Law Group, who served as local counsel for Plaintiff and the class. Adding the DC Law Group's lodestar to class counsel's anticipated lodestar further underscores the reasonableness of the instant request.

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

8

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

**B. Many *Kerr* factors further support the reasonableness of the requested fee award.**

There are several additional considerations that confirm the reasonableness of the heavily discounted fee award Plaintiff herein requests for class counsel. First, GDR is not requesting its full anticipated lodestar but rather a reduced amount that has been agreed to by MDS. This voluntary reduction lends further support to its approval. *See, e.g.*, *Catala v. Resurgent Capital Servs. L.P.*, No. 08-2401, 2010 WL 2524158, at *8 (S.D. Cal. June 22, 2010) (concluding that a self-reduction from $38,208.43 to $35,000 supported finding that counsel's fee request was reasonable).

Second, the class notice distributed to class members specifically disclosed that GDR would seek a fee and expense award of no more than $13,500. To date, not a single class member has objected to this proposed award, so "[t]he absence of objections by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable." *Zografos v. Qwest Commc'ns Co., LLC*, No. 00-6201, 2013 WL 3766561, at *4 (D. Or. July 11, 2013); *see also McWilliams,* 2017 WL 2625118, at *3 ("And second, not one objection was raised to the notice of proposed settlement class members received, despite full disclosure of the fees and costs counsel would seek. The absence of any objection to this fee further supports the award.").

Third, the settlement at bar represents a complete success for Plaintiff and the class. They have achieved recoveries that either meet (for Plaintiff), or exceed (for the class), the best possible outcome at trial. The $5,0521.22 non-reversionary class fund likely well exceeds the FDCPA's statutory damages cap, which limits such damages to one percent of MDS's net worth. *See* 15 U.S.C. § 1692k(a)(2)(B). Thus, the reasonableness of the fee request is buttressed by the outstanding results obtained by way of the settlement (the eighth *Kerr* factor). *See Washington v. Phila. Cnty. Ct. of C.P.*, 89 F.3d 1031, 1042 (3d Cir. 1996) ("[t]he amount of damages *awarded*, when compared with the amount of damages *requested*, may be one measure of how successful

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

9

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

the plaintiff was in his or her action," which "may be taken into account when awarding attorneys' fees").

Fourth, like many consumers bringing claims under the FDCPA, Plaintiff entered into a contingent attorneys' fee agreement with her counsel. As a result, GDR would only receive payment for their efforts in this matter if they obtained a recovery for Plaintiff and the class. That the fee arrangement here was contingent (the fifth and sixth *Kerr* factors) "weighs in favor of the requested attorneys' fees award, because [s]uch a large investment of money [and time] place[s] incredible burdens upon . . . law practices and should be appropriately considered." *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1256 (D.N.M. 2012).[4]

Fifth, the relatively modest award of $13,500 is further justified in light of this certified class action, and the requested fees being well in line with—and actually significantly less than—those awarded in other recent successful FDCPA class actions (the twelfth *Kerr* factor). *See, e.g.*, *Schuchardt*, 314 F.R.D. at 689-90 (awarding $52,500); *Globus v. Pioneer Credit Recovery, Inc.*, Case No. 15-CV-152V, 2016 WL 4069285, at * 3 (W.D.N.Y. July 27, 2016) (awarding $172,500 in attorneys' fees and costs in a class action under the FDCPA and the Electronic Funds Transfer Act); *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2016 WL 929368, at *15 (E.D. Pa. Mar. 14, 2016) (awarding fees and expenses of $125,000); *Donnelly v. EquityExperts.org, LLC*, No. 13-10017, 2015 WL 249522, at *2 (E.D. Mich. Jan. 14, 2015) (awarding fees of $90,000 and costs and expenses of $5,947.58); *Roundtree v. Bush Ross, P.A.*, No. 14-357, 2016 WL 360721, at *2

---

[4] Worth mentioning, GDR is a relatively small law firm that includes four partners, one associate, and one of-counsel attorney. Thus, the amount of work that class counsel can handle at any given time is limited, so the time they devoted to this action over the past year necessarily curtailed their ability to accept other work (the fourth *Kerr* factor). What's more, GDR's attorneys have earned a solid reputation (the third and ninth *Kerr* factors) through their extensive experience litigating class cases, and in particular those in the consumer protection arena, as recognized by numerous courts across the country. *See* Johnson Decl. at ¶¶ 7-22.

Plaintiff's Unopposed Motion for Approval of an Award of Attorneys' Fees, Costs, and Litigation Expenses, Case No. 2:17-cv-01519-RSL

10

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

(M.D. Fla. Jan. 28, 2016) (awarding $170,000); *Gonzalez*, 2015 WL 738329, at *5 (awarding $65,000).

Nor is the reasonableness of the requested fee and expense award undermined by its size relative to the class's and Plaintiff's recoveries. To be sure, the damages awards obtained for Plaintiff and the class—$6,051.22 in total, *see* Johnson Decl. at ¶¶ 23, 26—were limited not by way of GDR's efforts here, but simply as a result of the statute itself and the circumstances of MDS's financials. The disproportion of the fees requested to the damages recovered accordingly should have no bearing on the reasonableness of the fee awarded to counsel for their diligent work in negotiating and obtaining those recoveries. *See, e.g.*, *Davis v. Hollins Law*, 25 F.Supp.3d 1292, 1298, 1302 (E.D. Cal. 2014) ("Given the relatively low value of the prescribed statutory damages, and in many instances, the unavailability of actual damages, imposing a proportionality requirement would entirely defeat the deterrence value of FDCPA lawsuits.").

**C. Reimbursement of class counsel's reasonable costs and litigation expenses is subsumed within the requested award.**

Noteworthy, the requested fee and expense award also includes reimbursement for the type of costs and expenses routinely charged to paying clients in the marketplace, and which are therefore properly reimbursable under Rule 23. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (awarding as reasonable and necessary, reimbursement for "1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and investigators; and 9) mediation fees"); *see also* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and *nontaxable* costs that are authorized by law or by the parties' agreement.").

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

11

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

To date, GDR has incurred reimbursable expenses in the total amount of $45.00, and it estimates incurring an additional $1,200 in expenses associated with travel for the upcoming final approval hearing in Seattle, resulting in total anticipated expenses of approximately $1,245.00. Johnson Decl. at ¶¶ 42-44. These expenses are properly compensable and subsumed within the requested $13,5000 award.

## Conclusion

Defendant has agreed to pay a reasonable attorneys' fee and expense award of $13,500 for class counsel's efforts in this litigation. Given the overwhelming success of those efforts, Plaintiff and class counsel respectfully submit that this award is eminently reasonable for this certified class action benefitting dozens of consumers in two states.

The proposed award will not diminish class members' recoveries, as it will be paid in addition to—and not from—the class settlement fund. Because this award is fair and reasonable, unopposed by Defendant or class members, and supported by both the record and by applicable law, it should be approved under the FDCPA and Rule 23.

The deadline for class members' objections or exclusions is November 6, 2018. Once that deadline has passed, but before the final fairness hearing, Plaintiff will update this Court regarding any objections or exclusions. At the same time, she will provide the Court a proposed order final approval order addressing her requested fee and expenses award, along with any related objections or exclusions.

DATED: October 26, 2018      Respectfully submitted,

s/ Matthew J. Cunanan
Matthew J. Cunanan, WSBA#42530
Drew Davis, WSBA#47297
Christopher Wieting, WSBA#48207
Milena Vill, WSBA#51231
DC LAW GROUP NW LLC

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

12

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

221 1st Ave W #320
Seattle, WA 98119
Telephone: (206) 494-0400
Facsimile: (855) 494-0400
matthew@dclglawyers.com

s/ Jesse S. Johnson
Jesse S. Johnson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
jjohnson@gdrlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, I filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

s/ Jesse S. Johnson
Jesse S. Johnson

Plaintiff's Unopposed Motion for Approval of an Award
of Attorneys' Fees, Costs, and Litigation Expenses,
Case No. 2:17-cv-01519-RSL

13

DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400