# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DELIA AIKENS, on behalf of herself and others similarly situated, | Case No. 2:17-cv-01519-RSL |
| Plaintiff, | Class Action |
| vs. | |
| PANATTE, LLC, LAND HOME FINANCIAL SERVICES, INC., AND MORTGAGE DEFAULT SERVICES, LLC, | |
| Defendants | |

## [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, AND LITIGATION EXPENSES

On March 19, 2018, Delia Aikens ("Plaintiff") filed her unopposed motion to preliminarily approve the parties' proposed class settlement.

On October 29, 2018, Mortgage Default Services, LLC ("MDS" or "Defendant") served the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 on the United States Attorney General and the Attorneys General of the states of Washington and California.

On September 7, 2018, this Court preliminarily approved the parties' proposed settlement.

On September 28, 2018, First Class, Inc. distributed notice of the parties' proposed class settlement, as ordered.

On October 26, 2018, Plaintiff filed her unopposed motions to finally approve the parties' proposed settlement and to approve class counsel's award of attorneys' fees, costs, and expenses.

On January 10, 2019, this Court held a fairness hearing regarding Plaintiff's and MDS's proposed settlement.

Having considered Plaintiff's unopposed motion, this Court finally approves the proposed settlement.

This Court confirms that it has jurisdiction over this matter and the parties to it.

This Court also confirms its certification for settlement purposes of the following class under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons (1) with a Washington or California address, (2) to whom Mortgage Default Services, LLC sent an initial written communication, (3) between October 10, 2016 and October 10, 2017, (4) in connection with the collection of a consumer debt, (5) that did not disclose that Mortgage Default Services, LLC is a debt collector who is attempting to collect a debt and that any information obtained would be used for that purpose, and/or (6) that demanded payment on the debt within 30 days of the date of the written communication, and/or (7) that failed to include: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and/or (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and/or (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

This Court affirms its previous finding that the class satisfied the applicable prerequisites for class action treatment under Rule 23, namely:

1. The class members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the class members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the class members' claims;

4. Plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the class members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*See Ryan v. DeVille Asset Mgmt., Ltd.*, No. 15-1067, 2016 WL 7165751 (D. Or. Dec. 7, 2016) (certifying settlement class under the Fair Debt Collection Practices Act and appointing Greenwald Davidson Radbil PLLC class counsel).

This Court also affirms its previous appointment of Delia Aikens as class representative for the class, and the following attorney and law firm as class counsel for class members:

Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431

This Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. MDS will create a settlement fund in the amount of $5,051.22, which will be distributed on a pro-rata basis to each class member who did not exclude himself or herself;

2. MDS will separately pay to Plaintiff $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i); and

3. MDS will separately pay the costs of notice and administration of the settlement, up to $2,610.

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Rule 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice.").

This Court similarly finds that the parties' notice of class action settlement was adequate and gave all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it.

This Court additionally finds that Plaintiff's and MDS's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members. *See Catala v. Resurgent Capital Servs. L.P.*, No. 08-2401, 2010 WL 2524158, at *2 (S.D. Cal. June 22, 2010).

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No class members objected to the settlement or requested to be excluded from it. This Order thus is binding on all class members.

This Court approves the releases set forth in the class action settlement agreement between Plaintiff and MDS. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

This Court awards a total of $13,500 for class counsel's costs, expenses, and attorneys' fees incurred with respect to Plaintiff's and the class members' claims against MDS.

This action is dismissed with prejudice as to all other issues concerning Plaintiff's and the class members' claims against MDS.

This Court retains continuing and exclusive jurisdiction over the parties, Plaintiff's remaining claims against other defendants in this action, and all matters relating to the settlement agreement hereby approved, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

IT IS SO ORDERED.

Dated this 5th day of ~~January~~ Feb, 2019.

_____
THE HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

s/ Matthew J. Cunanan
Matthew J. Cunanan, WSBA#42530
Drew Davis, WSBA#47297
Christopher Wieting, WSBA#48207
Milena Vill, WSBA#51231
DC Law Group NW LLC
221 1st Ave W #320
Seattle, WA 98119
Telephone: (206) 494-0400
Facsimile: (855) 494-0400
matthew@dclglawyers.com

s/ Jesse S. Johnson
Jesse S. Johnson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
jjohnson@gdrlawfirm.com